**Richard I. RUBIN, Appellant**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES.**

No. 13663.

United States Court of Appeals Third Circuit.

Argued Dec. 8, 1961.

Decided Dec. 27, 1961.

Rehearing Denied Jan. 18, 1962.

**168**

Samuel Kagle, Philadelphia, Pa., for appellant.

David F. Maxwell, Philadelphia, Pa. (Walter J. Collins, Jr., Philadelphia, Pa., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and GANEY, Circuit Judges.

PER CURIAM.

▮ Plaintiff seeks recovery against the defendant in this diversity action for compensation for services claimed to have been rendered to the defendant in connection with the defendant's possible purchase of the real property known as the Manufacturers' and Bankers' Club Building at Broad and Walnut Streets, Philadelphia. The case was tried without a jury and the court found for the defendant. He made explicit findings of fact that "plaintiff was never employed or retained by Defendant as its agent or broker in connection with the possible purchase of this property" and that "plaintiff, in dealing with Defendant with regard to its possible purchase of the property, acted as an independent real estate broker at all times and rendered the services in reliance of [*sic*] his right to share in Greenfield & Co.'s commission should the sale be consummated." These findings prevail unless they are clearly erroneous. Fed.R. Civ.P. 52(a), 28 U.S.C. They are not clearly erroneous.

▮ Plaintiff relies heavily as a foundation for his case upon a letter written to him on October 6, 1948, by Mr. Glenn McHugh, the vice-president of the defendant. The letter said: "If you can get a written proposal to sell the building for one million dollars, I am sure that it will have favorable consideration here at that price, but we are not interested in discussing a price in excess of that." Without going into the question of whether Mr. McHugh or Mr. Parkinson, the company's then president, were authorized to make contracts for the purchase of property for the company, we do not interpret this letter as constituting an offer of a contract which could be accepted by action on the part of the plaintiff. The language is not language of promise.

The judgment of the district court is correct and will be affirmed.